CLOSED

NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARTHUR KITCHEN, <br><br>    Plaintiff, <br><br> v. <br><br> ALAN I. SMITH, et al., <br><br>    Defendants. | Civil Action No. 05-4380 (JLL) <br><br> O P I N I O N |

APPEARANCES:

Arthur Kitchen, Pro Se
Union County Jail
#152224/101323
15 Elizabethtown Plaza
Elizabeth, NJ 07207

**LINARES, District Judge**

    Plaintiff, Arthur Kitchen, currently incarcerated at the Union County Jail, Elizabeth, New Jersey, seeks to bring this action in forma pauperis without prepayment of fees pursuant to 28 U.S.C. § 1915. Based on Plaintiff's affidavit of indigence, the Court will grant his application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

    At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it

seeks monetary relief from a defendant who is immune from such relief. For the following reasons, Plaintiff's claims will be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## BACKGROUND

Plaintiff seeks to sue two private attorneys for ineffective assistance of counsel, and for violating his due process rights. He alleges that on December 24, 2002, the Superior Court of New Jersey, Appellate Division, "decided State v. Arthur Kitchen ineffective assistance of counsel on both trial and appellate level. My constitutional right was violated." Plaintiff states that he does not know the docket number of the Appellate Division case.[1] Plaintiff also seeks to sue Devon Brown, Commissioner of the Department of Corrections for illegally detaining him and placing him in harm by incarcerating him.

Plaintiff asks for monetary damages for the years he was incarcerated.

## DISCUSSION

A. <u>Section 1915 Review</u>

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and

---

[1] This Court, on its own accord, has not been able to locate a decision of the Appellate Division regarding Plaintiff.

2

Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996). Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Tort Claims Act . . . many of which are routinely dismissed as legally frivolous." Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. § 1915A(b), that a court must dismiss, at the earliest practicable time, any prisoner actions that are frivolous or malicious, fail to state a claim, or seek monetary relief from immune defendants. "A pro se complaint may be dismissed for failure to state a claim only if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).

In determining the sufficiency of a complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court should "accept as true all of the allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court

3

need not, however, lend credit to a <u>pro</u> <u>se</u> plaintiff's "bald assertions" or "legal conclusions." <u>Id.</u>

B. **<u>42 U.S.C. § 1983</u>**

A plaintiff may have a federal cause of action under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by a person acting under color of state law and that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. <u>See</u> <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1981), <u>overruled in part on other grounds by Daniels v. Williams</u>, 474 U.S. 327 (1986); <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 152 (1970); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Here, Plaintiff seeks to sue defendants Alan I. Smith, Esq., and Charles B. Andre, Esq., private attorneys, for violations of his constitutional rights. However, Plaintiff pleads no facts to suggest that counsel were state actors. "[A] lawyer representing

4

a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." Polk County v. Dodson, 454 U.S. 312, 318 (1981); see also Steward v. Meeker, 459 F.2d 669 (3d Cir. 1972) (privately-retained counsel does not act under color of state law when representing client); Thomas v. Howard, 455 F.2d 228 (3d Cir. 1972) (court-appointed pool attorney does not act under color of state law). Therefore, these claims and defendants will be dismissed from this action.

Further, Plaintiff seeks to sue the Commissioner of the Department of Corrections, Devon Brown, for illegally detaining him. However, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted). Accord Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-96 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).

In this case, Plaintiff has not alleged facts indicating (1) that he was illegally detained, or (2) that defendant Brown had personal involvement in the alleged illegal detaining. In fact, Plaintiff fails to show how defendant Brown violated his rights,

as Plaintiff was convicted pursuant to a state court judgement and sentenced to a term of incarceration. Even if Plaintiff's allegations that he received ineffective assistance of counsel were true, Plaintiff pleads no facts indicating that he was illegally detained with the actual knowledge or on direction of defendant Brown.[2]

## CONCLUSION

For the foregoing reasons, Plaintiff's claims will be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). An appropriate Order accompanies this Opinion.

_____
JOSE L. LINARES
United States District Judge

Dated: Sept. 21, 2005

---

[2] The Court further notes that although Plaintiff alleges facts indicating that the Superior Court of New Jersey, Appellate Division, has determined that he received ineffective assistance of counsel, Plaintiff has not plead that his conviction has been overturned or reversed on appeal or other collateral review, to allow him to be awarded monetary damages. See Heck v. Humphrey, 512 U.S. 477 (1994).

6